IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| EXTRADITION OF | § | |
| ENRIQUE PIMIENTA HUERTA AND | § | MAGISTRATE NO. H-08-342M |
| KLAUS PETER ULRICH KLINKWORT | § | |

**ORDER FOR RELEASE ON BOND PENDING EXTRADITION HEARING**

Before the court is the respondents' motion for bail pending extradition hearing.

The Mexican government, acting through the United States Attorney for the Southern District of Texas, filed a complaint on April 30, 2008 to obtain extradition of Enrique Pimienta Huerta (Huerta) and Klaus Peter Ulrich Klinkwort (Ulrich) to answer charges of fraud filed in Monterrey, in the Mexican state of Nuevo Leon. The complaint recites that arrest warrants for these respondents had been issued by the Third District Judge in Criminal Matters of the First Judicial District of Monterrey, Nuevo Leon in 2003.

Pursuant to arrest warrants issued by this court on June 10, 2008, Huerta and Ulrich were taken into custody and brought before magistrate judges who explained the charges, the nature of the proceedings, and their respective rights. On June 17, 2008, a bond hearing was conducted by this court, at which both Huerta and Ulrich presented live witnesses and documentary evidence. The hearing resumed on June 20, 2008, in order to allow all parties opportunity to present evidence from experts on Mexican law concerning the impact of a recent bankruptcy court order which, as explained below, may result in dismissal of the underlying fraud charges in Mexico.

At that hearing each respondent presented expert affidavits concerning Mexican law. The Government submitted no countervailing evidence, but did not concede the truth of the respondents' declarations concerning Mexican law. Even so, the Government withdrew its opposition to the respondents' motion for bail.

The extradition hearing in this matter is currently scheduled for July 1, 2008.

**1.     Legal Standards**

Unlike domestic criminal proceedings, there is a presumption against bail in extradition cases. *Wright v. Henkel*, 190 U.S. 40, 63 (1903); *In re Extradition of Russell*, 805 F.2d 1215, 1216 (5th Cir. 1986). The burden rests with the extraditee to show that he is not a flight risk nor a danger to the community, and that special circumstances warrant pre-hearing release. *Russell*, 805 F.2d at 1217; *United States v. Ramnath*, 533 F. Supp. 2d 662, 665 (E.D. Tex. 2008).

Special circumstances can arise under a variety of conditions, or by virtue of a combination of conditions that in the aggregate create a compelling case for release on bail.[1] Examples of such circumstances include "the raising of substantial claims upon which the appellant has a high probability of success, a serious deterioration of health while incarcerated, and unusual delay in the appeal process." *Salerno v. United States*, 878 F.2d

---

[1] Some conditions identified in *Ramnath* are: 1) length of proceedings and detention; 2) need to consult with counsel; 3) health of respondent; 4) age of respondent; 5) availability of bail to respondent in requesting state or state of arrest; 6) likelihood of respondent being found non-extraditable; 7) likelihood of success in action in the requesting state; and 8) deprivation of religious practices while incarcerated. 533 F. Supp. 2d at 666.

317, 317 (9th Cir. 1989). The determination of special circumstances is left to the sound discretion of the trial judge. *Ramnath*, 533 F. Supp. 2d at 666 *d.*; *In re Gonzalez*, 52 F. Supp. 2d 725, 736 (W.D. La. 1999).

**2.     Flight risk and danger**

Ulrich and Huerta have easily met their burdens to show that they are not a flight risk nor a danger to the community. Neither man has any criminal history, nor does the crime charged involve violence or risk of physical harm. Ulrich is a 69 year old naturalized United States citizen who came to this country in 1982 and has resided in the Houston area for the last 25 years. He and his wife have been married almost 40 years and have two daughters and four grandchildren who live in Colorado. He owns a 75% interest in a German car repair shop in Houston, Texas which currently has 18 employees and an estimated value of $2 million. Ulrich is of German descent. Although born in Mexico, he surrendered his Mexican citizenship upon becoming a naturalized U.S. citizen in 1989. According to his passport, it has been over seven years since he last traveled abroad. His wife, two daughters, and business partner each testified that Ulrich has no intent to travel, based in large part due to his deteriorating health (explained in more detail below) which requires close monitoring by various medical specialists here in Houston. Rarely has this court seen a criminal defendant posing less of a flight risk than Ulrich.

Huerta is a 71 year old legal resident alien in the United States. He and his wife have been married over 40 years and have 5 children and seventeen grandchildren, most of whom

are citizens or legal residents of the United States. He has been employed by TransAmerica Power Products since 2003. He and his wife have resided in The Woodlands, Texas for the past five years. Huerta is also in regular contact with local physicians to monitor various health problems (described below). Although these conditions are not as severe as Ulrich's, they do represent a significant tie to this community diminishing the risk of flight. Moreover, Huerta is currently a party to bankruptcy proceedings in this district requiring his continuing participation and presence in this community.

The court finds that neither Ulrich nor Huerta pose a danger to the community nor a significant flight risk. To the extent that either respondent poses a risk of flight, that risk can be mitigated by the posting of bond and other routine conditions of release.

3.      **Special Circumstances**

   A.      **Huerta**

Huerta alleges two special circumstances which warrant his release on bail: (1) medical problems associated with his diabetic condition as well as complications from recent intestinal surgery; and (2) substantial likelihood of success in challenging extradition in light of a recent order of the bankruptcy court in a related proceeding.

*Health.* Huerta suffers from Mellitus Diabetes and is on daily medication and a strict diet. He also has to make frequent trips to the bathroom due to digestive difficulties that are a result of a stomach virus that required surgical removal of much of his lower intestines. He also has prostate problems, high blood pressure, and anemia. While Huerta's medical

conditions are unquestionably serious, they are not life-threatening, nor are they so novel or complex as to be beyond the capacity of federal authorities to manage while he is in their custody. Accordingly, the court finds that Huerta's medical condition does not constitute a special condition warranting his release. However, the bankruptcy proceeding is a different story.

***Substantial likelihood of success***. Huerta contends that the recent order by the bankruptcy court will ultimately result in the dismissal of the Mexican arrest warrant, which in turn will result in the collapse of this extradition proceeding. Additional background is necessary to evaluate this claim.

As noted above, Huerta has been charged in Mexico with fraud. The charges are the result of allegations by the Jacuzzi family[2] that Huerta solicited them to deposit funds into various accounts for investment through his "Interamericas" family of companies. The Jacuzzis contend that Huerta agreed to back their investment with a promissory note and collateral in order to guarantee a return on their investment. The Jacuzzi's never recovered their investment. Mexican authorities concluded that the investment scheme was a sham, and the Jacuzzis filed criminal fraud charges in 2002.

Meanwhile in the United States, the Interamericas companies, along with Enrique Pimienta Huerta, Arturo Pimienta, and Hugo Pimienta, declared bankruptcy. All three individuals received discharges from their creditors' claims, including those of the Jacuzzi

---

[2] John Bruno Jacuzzi Rainieri, Margarita Andersen de Jacuzzi, John Bruno Jacuzzi Andersen, Patricia Jan Jacuzzi Andersen, and James Jacuzzi Andersen.

family that were asserted in the Mexican complaint. Upon learning of the current extradition proceeding, Judge Karen Brown, United States Bankruptcy Judge for the Southern District of Texas, issued an order on June 16, 2008, directing the Jacuzzi family to immediately dismiss their fraud complaint filed in Mexico upon threat of civil contempt.[3]

This raises the critical question of what impact the bankruptcy court order will have on these proceedings. If the Jacuzzi creditors comply with the court's order and withdraw their fraud charges, will the criminal charges and arrest warrants against Huerta (and Ulrich) automatically be dismissed? Or do the Mexican prosecuting authorities have the power to continue these criminal proceedings notwithstanding the lack of charges from the defrauded parties? Because the answer to these questions may prove dispositive, the parties were granted additional time to provide further evidence concerning Mexican law.

Huerta has presented affidavits from two lawyers who are licensed to practice in Mexico stating that in their opinion the "creditor controls the court" and that withdrawal of the creditor's fraud complaint will effectively end those proceedings:

> Mexico has a system that is very akin to 'Debtors Prison' wherein the Debtor is ordered to remain in [j]ail until and at such time as his debt to the respective Creditor is either fully paid or the subject Creditor is financially satisfied to whatever extent the Creditor deems reasonable and acceptable to him, at his sole discretion. In the Republic of Mexico, it is exclusively the right, privilege and providence of the initiating Creditor to both advise the Court where he sought and commenced recovery of monies to withdraw and [d]ismiss his Complaint against the Debtor wherein the Debtor is then and only then allowed

---

[3] *See In re Enrique Pimienta*, Case No. 05-30565-H5-7, slip op. (Bkrtcy. S.D. Tex. June 16, 2008). Judge Brown also ordered the Jacuzzi family to secure the release of Hugo Pimienta from a Mexican prison.

to go free, exclusive of any objections from the Attorney General.  In the Republic of Mexico, the respective Attorney General for the respective State, and in this instance in the State of Nuevo Leon wherein the action is commenced against the Debtor, he has no say or standing before the Court to intercede or object to the Debtor[']s discharge from prison.  In other words, in Nuevo Leon, the Creditor controls the Court.[4]

A similar declaration from a licensed Mexican attorney was submitted on behalf of respondent Ulrich. According to that declaration, criminal fraud in the Mexican state of Nuevo Leon is a private action that "cannot be prosecuted without a formal claim from the offended party."[5]  Even after filing a formal complaint, the victim may withdraw the complaint with a formal "pardon," which results in the full extinction of the punitive action of the State."[6]

The court thus finds that, in the event the Jacuzzis comply with Judge Brown's order and dismiss their fraud charges, there is a substantial likelihood of respondents' success at the extradition hearing because the underlying criminal proceedings in Mexico will have collapsed. On the other hand, if the Jacuzzis choose to disregard Judge Brown's order and risk being held in contempt, the Mexican proceedings will presumably continue. At this point this court has no indication which course the Jacuzzis will pursue.  Absent any evidence to

---

[4] Affidavit of Jose Guadalupe Gonzalez Meza (Dkt. 10); *see also* Affidavit of Jorge Carlos Negrete Vazquez (Dkt. 10).

[5] Declaration of Humberto Garza Charles (Dkt. 12).

[6] *Id.* The declaration also asserts that if the Jacuzzis pardon Enrique and Hugo Pimientas Huerta as directed in the bankruptcy court's order, the penal action against Ulrich would likewise be extinguished.

the contrary, this court will indulge the presumption that parties subject to federal bankruptcy court jurisdiction will comply with the lawful orders of that court.

Accordingly, this court concludes that the bankruptcy court order of June 16, 2008 and its probable effect on the underlying criminal prosecution in Mexico establish a special circumstance sufficient to justify Huerta's release on bail pending extradition hearing. *Cf. In the Matter of Extradition of Gonzalez,* 52 F.Supp.2d 725 (W.D.La. 1999) (allowing release pending extradition where probable cause evidence was unreliable and detainee showed substantial likelihood of success on merits in extradition hearing); *In re Mitchell,* 171 F. 289 (S.D.N.Y. 1909) (L.Hand, D.J.) (releasing extraditee on bail to prosecute civil suit involving his "whole fortune" against defendants who were the moving parties in the extradition proceedings.).

**B.     Ulrich.**

Ulrich contends that both poor health and the likely prospect of dismissal of the Mexican charges are special circumstances that warrant his release on bail pending the extradition hearing. The court agrees.

*<u>Health</u>*.  Ulrich is 69 years old and in extremely poor health. He suffers from a life threatening chronic heart condition, for which he is on his fifth pacemaker. He is scheduled for a sixth this summer. This heart condition is further complicated by high blood pressure and coronary artery disease. Earlier this year Ulrich was diagnosed with prostate cancer, and underwent a radical prostatic resection. His recovery was complicated by a serious abdominal

infection that required hospitalization and antibiotic treatment. He also suffers from blood clots.  He currently takes a least six different medications a day for his various health problems. His wife describes his overall medical condition as "weak".  His business partner describes Ulrich's condition as "shaky", and confirms that his health has deteriorated significantly over the last year.   He is being followed very closely by his cardiologist, Dr. Jaime Benrey of the Texas Heart Institute, and by  physicians at M.D. Anderson Cancer Center.

In summary, according to Dr. Benrey, "Mr. Ulrich is chronically ill, [and] has multiple morbidities."  His extremely poor health constitutes a sufficiently special circumstance justifying  release pending the extradition hearing.

***Substantial likelihood of success***.  Separate and apart from Ulrich's poor health, the bankruptcy court order constitutes another special circumstance justifying his release on bail, for reasons explained above. Although Ulrich was not himself a party to the bankruptcy proceedings, he was the Chairman of the Board of one of the Interamericas companies, Interamericas Holdings, Inc.  The charges against him are  that he participated in the fraud by giving the the Jacuzzis certain assurances and instructions, such as where to deposit certain funds.  Clearly, however, the authors of the fraud are alleged to be Huerta and his brother Hugo.

Ulrich has presented the declaration of a Mexican attorney who attests that, in the event the Jacuzzis comply with the bankruptcy court order and pardon Huerta and his brother,

9

the benefit of the pardon will run to all participants in the alleged fraud, including Ulrich himself. Under this scenario, Ulrich has established a substantial likelihood of success on the merits at the extradition hearing, because the underlying criminal charges in Mexico will presumably be dismissed.

For these reasons, the court concludes that the likely impact of the bankruptcy court order on the underlying criminal charges is another special circumstance which warrants the release of Ulrich on bail pending the extradition hearing.

**4.    Conclusion**

Respondents Enrique Pimienta Huerta and Klaus Peter Ulrich Klinkwort are ordered released on bond pending the extradition hearing in this case. Neither pose a flight risk or danger to the community. The bankruptcy court order of June 16, 2008 and its likely impact on the underlying criminal proceedings in Mexico constitute a special circumstance warranting bail for both respondents. In addition, Ulrich's extremely poor health constitutes a separate and independent special circumstance justifying his release on bond.

Separate orders setting the amount of bond and other conditions of release have been issued.

Signed at Houston, Texas, on June 23, 2008.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge