UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE EXTRADITION OF ENRIQUE PIMIENTA HUERTA | §<br>§ | MAGISTRATE NO. H-08-342M |

**MEMORANDUM AND ORDER**

The United States, on behalf of the Mexican government, seeks a certificate of extraditability for Enrique Pimienta Huerta to face charges of fraud. The request is denied.

**Background**[1]

In early 2000, Pimienta Huerta approached members of the Jacuzzi family with an investment proposition. Specifically, he told them that an investment in his company Interamericas Holding, Inc. would yield 14.5% annual interest, and showed them promising financial statements. To collateralize the investment, Pimienta Huerta offered $13,602,056.04 in certificates of deposit (CD) and a promissory note through an Interamericas letter of guaranty for 100% of the investment. On May 21, 2000, the Jacuzzi family accepted the terms of the investment and transferred $9,068,037.36, receiving the CDs and letter of guaranty in exchange. Three days later, INV Capital—a subsidiary of Interamericas—was authorized to service the investment. INV Capital began to send John Jacuzzi monthly statements on his family's investment. In May 2001, John Jacuzzi affirmed his family was willing to renew their investment for another year, but required $540,000 for business and family purposes. However, Pimineta Huerta failed to pay the requested amount, explaining the money was frozen in litigation.

[1] The following facts are taken from documents submitted by the Mexican government in support of its extradition request, which were admitted into evidence at the December 21, 2010 extradition hearing.

John Jacuzzi submitted a sworn complaint with the public prosecutor in Mexico City, Mexico alleging criminal fraud, and an extradition request was subsequently submitted to the United States Department of State. On April 30, 2008, the United States government submitted a complaint to obtain extradition.[2] After many continuances, the extradition hearing was held by this court on December 21, 2010.

**Analysis**

When presented with a complaint for extradition, a magistrate judge must grant a certificate of extraditability if, *inter alia*, "he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty." 18 U.S.C. § 3184.[3] The judge does not determine whether the evidence is sufficient to justify a conviction. *See Gusikoff v. United States*, 620 F.2d 459, 462 (5th Cir. 1980). Rather, an extradition hearing is akin to a preliminary hearing; the court must determine whether there is probable cause to believe that the crime charged was actually committed, and that the fugitive committed it. *Sayne v. Shipley*, 418 F.2d 679, 685 (5th Cir. 1969); *see Jimenez v. Aristequieta*, 311 F.2d 547, 562 (5th Cir. 1962).

Mexican authorities have charged Pimienta Huerta with fraud, which is committed "when a person deceives another person, or takes advantage of a mistaken belief held by the latter, and illegally obtains an object or an undue gain from said person." Código Penal Federal art. 386 frac. III [CPF] [Federal Criminal Code], *as amended*, Diario Oficial de la Federación [DO], 14 de Agosto

[2]Dkt. 1.

[3]Only this requirement is at issue in this case; Pimienta Huerta conceded that all other requirements for extradition were met.

de 1931 (Mex.). Importantly, this definition requires some deception or misrepresentation by the defendant.

The United States has not produced any evidence of deceit or misrepresentation by Pimienta Huerta. Notably, at the extradition hearing, the United States attorneys were at a loss to cite any evidence that the financial statements accompanying the offer were falsified, or that the investment money had not been frozen because of litigation, as Pimienta Huerta said. The United States argues that the investments themselves were fictitious, but the only support for that claim is a conclusory assertion by a Mexican prosecutor in a charging document. The expert analysis submitted only goes to the amount invested, and does not make it more or less likely that the investments themselves were fictitious. Finally, the United States argues that Pimienta-Huerta misrepresented that INV Capital (incorporated in Ireland) would manage the investment, when it had no such authority under Ireland's financial authorities. However, there is no evidence that INV Capital did anything more than service the investment—that is, provide monthly statements. Moreover, the letter the United States presents as evidence of INV Capital's lack of authority clearly states that "based on the information available, it is unclear what authorisation, if any INV Capital may have required. As such, the Financial Regulator is not in a position to confirm whether INV Capital Limited acted as an 'investment business firm' or whether it claimed or held itself out as being an investment business firm in the State."

At most, the voluminous documentation presented to this Court establishes a breach of contract—that Pimienta Huerta made promises about this investment that he did not keep. But a broken promise, standing alone, is not criminal fraud. Since there is *no evidence* that Pimienta

Huerta made a fraudulent promise or factual misrepresentation to the Jacuzzi family, there is no probable cause to believe he committed the crime charged.[4]

**Conclusion**

For the foregoing reasons, the United States's request for a certificate of extraditability is denied.

Signed at Houston, Texas on December 22, 2010.

Stephen Wm Smith
United States Magistrate Judge

[4]Pimienta Huerta also objected to extradition on the grounds that it would contradict an order by Bankruptcy Judge Karen Brown. (Bankr. Pet. 05-30565, Dkt. 172). Furthermore, Pimienta Huerta also argues that he should not be extradited because he would be subject to torture in Mexico. Since the court denies the United States's request for lack of a probable cause showing, it need not address these arguments.